UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

RICHARD M. ROSENBAUM,
Plaintiff-Appellant,

v.

VICTOR SIHA; GROVER RIVENBARK;
BRENDA BARRETT; JOHN T. EDWARDS;

RONALD WHITENER; VERNON LONDON;
BRENDA FUTTEN; JOSEPH DINCHER;
MICHAEL MERRILL, individually;
UNITED STATES OF AMERICA, jointly
and severally,
Defendants-Appellees.

No. 99-6697

Appeal from the United States District Court
for the Northern District of West Virginia, at Clarksburg.
Irene M. Keeley, District Judge.
(CA-98-6-1-6)

Submitted: November 30, 1999

Decided: December 20, 1999

Before MURNAGHAN, WILLIAMS, and TRAXLER,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Hugh M. Davis, Jr., Detroit, Michigan; Bob Bastress, Morgantown,
West Virginia, for Appellant. David E. Godwin, United States Attor-

ney, Helen Campbell Altmeyer, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Richard Rosenbaum, a former inmate at the Federal Correctional Institute in Morgantown, West Virginia appeals the district court's order granting summary judgment to the Respondents in Rosenbaum's civil action concerning his treatment while incarcerated. Rosenbaum alleges that the Respondents were deliberately indifferent to his serious medical needs; violated his Fifth Amendment Due Process rights by placing him in segregation; violated his First, Fifth, and Sixth Amendment rights by preventing him from attending his re-sentencing hearing and by mishandling his mail; retaliated against him for exercising his First Amendment rights; violated his Fourth Amendment rights by preventing him from leaving on an approved furlough; conspired to deny him his constitutional rights; and are liable under the Federal Tort Claims Act (FTCA) for providing negligent medical care.

We have reviewed the record and find that there are no material issues of fact in dispute and that the Respondents are entitled to judgment as a matter of law. See 28 U.S.C.A.§ 1346(b) (West 1993 & Supp. 1999) (describing elements for FTCA claim); Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) (addressing qualified immunity defense); Hinkle v. City of Clarksburg, 81 F.3d 416, 421 (4th Cir. 1996) (providing standard for civil conspiracy claims); Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (addressing retaliation claims); Strickler v. Waters, 989 F.2d 1375, 1384 (4th Cir. 1993) (holding that claim of denial of access to the courts requires showing of actual injury); Berrier v. Allen, 951 F.2d 622, 624-25 (4th Cir. 1991)

2

(addressing claims based upon placement in segregation); <u>Miltier v. Beorn</u>, 896 F.2d 848, 851 (4th Cir. 1990) (providing standards for deliberate indifference claims); <u>White v. White</u>, 886 F.2d 721, 723 (4th Cir. 1989) (addressing constitutional claims based upon denial of access to courts arising from mishandling of prisoner mail);\* <u>Fredericks v. Huggins</u>, 711 F.2d 31, 33 (4th Cir. 1983) (holding that jail authorities have legitimate security concern in limiting exposure to drugs in facility).

Finding no reversible error, we affirm the order of the district court. We deny Rosenbaum's motion to supplement the record on appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

_____

\*We also agree with the district court that Rosenbaum did not provide a factual basis for his conclusory allegations as to the opening of his legal mail. Although Rosenbaum's appellate brief now alleges more specific information about these letters, we may not consider that information because it was not presented to the district court. <u>See Westfarm Assoc. Ltd. Partnership v. Washington Suburban Sanitary Comm'n</u>, 66 F.3d 669, 682 n.7 (4th Cir. 1995) ("Moreover, his testimony was not before the district court on Westfarm's motion for summary judgment, and it cannot be used now to manufacture a genuine issue of material fact").

3